**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Rubith Hernandez

(Additional Attorneys on Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RUBITH HERNANDEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DYNAMIC RECOVERY SOLUTIONS, LLC; and LIVEVOX, INC.;**<br><br>Defendants. | Case No.: 8:14-cv-01042-JLS-RNB<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. RUBITH HERNANDEZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of DYNAMIC RECOVERY SOLUTIONS, LLC ("Dynamic Recovery") and LIVEVOX, INC. ("LiveVox") (collectively referred to as "Defendants"), in negligently and/or

intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an

**FIRST AMENDED CLASS ACTION COMPLAINT**   PAGE 2 OF 11

invasion of privacy, regardless of the type of call….." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the harm to Plaintiff occurred in the County of Orange, State of California, and Defendants are subject to personal jurisdiction in the County of Orange, State of California as they each conduct business there.

//
//
//

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Orange, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Dynamic Recovery is, and at all times mentioned herein was, a South Carolina corporation whose primary corporate address is in Greenville, South Carolina.

11. Plaintiff is informed and believes, and thereon alleges, that LiveVox is, and at all times mentioned herein was, a Delaware corporation, whose primary corporate address is in San Francisco, California.

12. Defendants are and at all times mentioned herein were, each a corporation and each a "person," as defined by 47 U.S.C. § 153 (39).

13. Dynamic Recovery is a debt collector.

14. Plaintiff alleges that at all times relevant herein, Defendants conducted business in the State of California and in the County of Orange, and within this judicial district.

## FACTUAL ALLEGATIONS

15. On or about April 28, 2014, Defendants contacted Plaintiff on Plaintiff's cellular telephone number ending in 5929 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff is informed and believes, and thereon alleges, that LiveVox is the actual entity that placed the call/s to Plaintiff's cellular telephone on behalf of Dynamic Recovery as a hired agent of Dynamic Recovery. Plaintiff further alleges that LiveVox was provided telephone numbers by Dynamic Recovery to be called on behalf of Dynamic Recovery in an attempt to

Kazerouni Law Group, APC
Costa Mesa, California

collect consumer debts or alleged consumer debts. As a consequence, Dynamic Recovery is vicariously liable for the willful and/or negligent acts and omissions of LiveVox acting as an agent of Dynamic Recovery at the direction of Dynamic Recovery.

18. At no time did Plaintiff enter into a business relationship with Defendants.

19. At no time did Plaintiff provide Plaintiff's cellular telephone number ending in 5929 to Defendants through any medium.

20. Defendants obtained Plaintiff's contact information through unknown means.

21. At the time the telephone call/s placed via an ATDS was received by Plaintiff on Plaintiff's cellular telephone, Plaintiff was present in the County of Orange, State of California.

22. Upon information and belief, Defendants were attempting to collect a debt from someone other than Plaintiff by means of the autodialed call/s. Plaintiff does not know the person that Defendants were attempting to contact in an attempt to collect a debt.

23. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The telephone call/s constituted call/s that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiff did not provide Defendants or their agents prior express consent to receive calls to her cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. The telephone call/s by Defendant, or their agents, violated 47 U.S.C. § 227(b)(1).

//
//

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

28. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or pre-recorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

29. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of the Complaint, Defendants or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and,

   c) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

34. As a person who received at least one telephonic communication from Defendants' ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the

size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 20, 2015                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Assal Assassi
       Abbas Kazerounian
       Assal Assassi
       ATTORNEYS FOR PLAINTIFF

ADDITIONAL PLAINTIFF'S COUNSEL:

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

//
//
//

---

FIRST AMENDED CLASS ACTION COMPLAINT                          PAGE 10 OF 11

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (888)595-9111
Facsimile: (866)633-0228