GINO D. SERPE, SBN 160238
gino@serpelawfirm.com
LAW OFFICE OF GINO D. SERPE
600 WEST BROADWAY, SUITE 700
SAN DIEGO, CA 92101
TELEPHONE: 619-702-2907
FACSIMILE: 619-702-2908

COHEN & GRESSER LLP
NATHANIEL T.P. READ
nread@cohengresser.com
800 Third Avenue, 21st Floor
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

ATTORNEYS FOR DEFENDANT
LIVEVOX, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBITH HERNANDEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC; and LIVEVOX, INC.;<br><br>Defendants. | CASE NO. 8:14-CV-01042-JVS-RNB<br><br>CLASS ACTION<br><br>DEFENDANT LIVEVOX INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

Defendant LiveVox, Inc. ("LiveVox"), by and through the undersigned counsel, as and for its Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint (the "Amended Complaint") hereby states as follows:

1. LiveVox admits that Plaintiff purports to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; lacks sufficient knowledge

and information to admit or deny the allegations regarding the basis of Plaintiff's allegations; and otherwise denies the allegations in Paragraph 1.

2. The allegations of Paragraph 2 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations in Paragraph 2, except respectfully refers the Court to *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) for its true and complete contents.

3. The allegations of Paragraph 3 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations in Paragraph 3, except respectfully refers the Court to P.L. 102-243 and *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) for their true and complete contents.

4. The allegations of Paragraph 4 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations in Paragraph 3, except respectfully refers the Court to P.L. 102-243 and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) for their true and complete contents.

5. The allegations of Paragraph 5 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations in Paragraph 5, except respectfully refers the Court to *Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637 (7th Cir. 2012) for its true and complete contents.

6. The allegations of Paragraph 6 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations in Paragraph 6, except respectfully refers the Court to *Meyer v. Portfolio Recovery Assocs., LLC*, 2012 WL 4840814 (9th Cir. Oct. 12, 2012), *as amended and superseded by Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) for its true and complete contents.

7. LiveVox admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and otherwise denies the allegations in Paragraph 7.

8. LiveVox admits that it is subject to personal jurisdiction in this Court and otherwise denies the allegations in Paragraph 8.

9. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9.

10. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10.

11. The allegations of Paragraph 11 are admitted.

12. The allegations of Paragraph 12 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox admits that it is a corporation and otherwise lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12.

13. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 13.

14. The allegations of Paragraph 14 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox admits that it conducts business in the State of California and otherwise lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 14.

15. LiveVox admits that Defendant Dynamic Recovery Solutions, LLC called a telephone number ending 5929 on April 28, 2014 using LiveVox's systems, and otherwise denies the allegations in Paragraph 15.

16. LiveVox denies the allegations in Paragraph 16.

17. LiveVox denies the allegations in Paragraph 17.

18. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 18, except admits upon information and belief that LiveVox has never entered into a business relationship with Plaintiff.

19. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 19.

20. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 20.

21. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 21.

22. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 22.

23. LiveVox lacks sufficient information and knowledge to admit or deny

the allegations in Paragraph 23.

24. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 24.

25. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 25.

26. LiveVox denies the allegations in Paragraph 26.

27. In response to the allegations in Paragraph 27, LiveVox admits that Plaintiff purports to bring this action on a class basis and denies that Plaintiff has any right to or basis for doing so.

28. LiveVox admits that Paragraph 28 contains Plaintiff's purported class definition and denies that such a class exists and otherwise denies the allegations in Paragraph 28.

29. The allegations of Paragraph 29 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations of Paragraph 29.

30. LiveVox denies the allegations in Paragraph 30.

31. The allegations of Paragraph 31 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox denies the allegations of Paragraph 31.

32. LiveVox denies the allegations of Paragraph 32.

33. LiveVox denies the allegations of Paragraph 33.

34. LiveVox denies the allegations of Paragraph 34.

35. LiveVox denies the allegations of Paragraph 35.

36. LiveVox lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 36.

37. LiveVox denies the allegations of Paragraph 37.

38. LiveVox denies the allegations of Paragraph 38.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

39. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the Amended Complaint as if fully set forth herein.

40. LiveVox denies the allegations of Paragraph 40.

41. LiveVox denies the allegations of Paragraph 41.

42. LiveVox denies the allegations of Paragraph 42.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

43. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the Amended Complaint as if fully set forth herein.

44. LiveVox denies the allegations of Paragraph 44.

45. LiveVox denies the allegations of Paragraph 45.

LiveVox denies the allegations of Paragraph 46.

46. With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

47. All allegations of the Amended Complaint not expressly admitted to herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

48. The Amended Complaint fails to state a cause of action against LiveVox.

## SECOND DEFENSE

49. Plaintiff has not sustained any damages and is not entitled to recover any damages.

## THIRD DEFENSE

50. To the extent Plaintiff can prove that he sustained any actual or other damages, LiveVox did not cause those damages. LiveVox expressly reserves its claims for contribution and indemnification.

## RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

51. LiveVox reserves the right to raise additional affirmative defenses as warranted by discovery in this action.

**WHEREFORE**, LiveVox respectfully requests that the Court enter

judgment in favor of LiveVox, and dismiss the Amended Complaint with prejudice, with costs, expenses and attorneys' fees to LiveVox, together with any other relief the Court finds to be just and proper.

Dated: March 9, 2015

By: s/Nathaniel T.P. Read
Nathaniel T. P. Read
nread@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

By: s/Gino D. Serpe
Gino D. Serpe (SBN No. 160238)
LAW OFFICE OF GINO D. SERPE
gino@serpelawfirm.com
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 702-2907
Facsimile: (619) 702-2908

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED):<br><br>RUBITH HERNANDEZ v. DYNAMIC RECOVERY SOLUTIONS, LLC; and LIVEVOX, INC.; | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>Gino D. Serpe (160238)<br>600 West Broadway, Suite 700<br>San Diego, CA  92101<br>gino@serpelawfirm.com | TELEPHONE NO.:<br>Tel. (619) 702-2907<br>Fax: (619) 702-2908 | |
| ATTORNEYS FOR:<br>LiveVox, Inc. | HEARING DATE – TIME | CASE NUMBER:<br>8:14-CV-01042-JVS-RNB |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is 600 West Broadway, Suite 700, San Diego, CA  92101.  On March 9, 2015, I served the following documents:

**DEFENDANT LIVEVOX's ANSWER AND AFFIRMATIVE DEFENSES**

I served the documents on the persons below, as follows:

| | |
|---|---|
| S. Mohammad Kazerouni<br>Seyed Abbas Kazerounian<br>Assal Hashemi Assassi<br>Kazerouni Law Group APC<br>245 Fischer Avenue Suite D1<br>Costa Mesa, CA 92626<br>800-400-6808<br>Fax: 800-520-5523<br>Email: mike@kazlg.com<br>Email: ak@kazlg.com<br>Email: assal@kazlg.com | **Attorneys for Plaintiff** |
| Joshua B Swigart<br>Hyde and Swigart APC<br>2221 Camino Del Rio South Suite 101<br>San Diego, CA 92108<br>619-233-7770<br>Fax: 619-297-1022<br>Email: josh@westcoastlitigation.com | **Attorneys for Plaintiff** |

| | |
|---|---|
| Todd M Friedman<br>Law Offices of Todd M Friedman PC<br>324 South Beverly Drive Suite 725<br>Beverly Hills, CA 90212<br>877-206-4741<br>Fax: 866-633-0228<br>Email:<br>tfriedman@attorneysforconsumers.com | **Attorneys for Plaintiff** |
| Charles R Messer<br>David J Kaminski<br>Keith Alexander Yeomans<br>Carlson and Messer LLP<br>5959 West Century Boulevard Suite 1214<br>Los Angeles, CA 90045<br>310-242-2200<br>Fax: 310-242-2222<br>Email: Messerc@cmtlaw.com<br>Email: kaminskid@cmtlaw.com<br>Email: yeomansk@cmtlaw.com | **Attorneys for Defendant**<br>**Dynamic Recovery Solutions, LLC** |
| Nathaniel P T Read<br>Cohen and Gresser LLP<br>800 Third Avenue 21st Floor<br>New York, NY 10022<br>212-957-7600<br>Fax: 212-957-4514<br>Email: nread@cohengresser.com | **Attorney for Defendant LiveVox** |

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By CM/ECF.**  On all parties listed on the Service List by submitting an electronic version of the document(s) on the Central District of California's CM/ECF filing

☒ **By e-mail or electronic transmission.**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the

persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By personal service.** I caused the documents to be personally delivered to the person listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 9, 2015, at San Diego, California.

*/s/ Gino Serpe*

Gino D. Serpe